Rosemary PRATER, Plaintiff,

v.

AFTRA HEALTH FUND, Defendant and Interpleader Plaintiff,

v.

Rosemary PRATER, Judith Prater, and Dave Prater, Jr., Interpleader Defendants.

Civ. No. 96–4280 (WHW).

United States District Court, D. New Jersey.

Oct. 9, 1998.

David W. MacGregor, Proskauer, Rose, Goetz & Mendelsohn, Clifton, NJ, for Interpleader Plaintiff AFTRA Health Fund.

James A. Major, II, Woodcliff Lake, NJ, for Interpleader Defendant Rosemary Prater.

Philip Stephen Fuoco, Haddonfield, NJ, for Interpleader Defendants Judith Prater and Dave Prater, Jr.

## OPINION

WALLS, District Judge.

This matter comes before the Court on the motion of interpleader defendants Judith Prater and Dave Prater, Jr. for partial summary judgment and the motion of interpleader defendant Rosemary Prater for partial summary judgment to dismiss the claims of interpleader defendants Judith Prater and Dave Prater, Jr. Pursuant to Fed.R.Civ.P. 78, the Court decides these motions without oral argument. For the reasons that follow, the motion of Judith Prater and Dave Prater, Jr. for partial summary judgment is denied, and the motion of Rosemary Prater for partial summary judgment is granted.

## FACTS

Dave Prater, Jr. ("Dave Prater") died on April 9, 1988 in an automobile accident in Georgia. Before his death, he was a musician who participated in certain employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). These plans were administered by the American Federation of Television and Radio Artists Health and Retirement Funds ("AFTRA").

Sometime after Mr. Prater's death, Rosemary Prater filed a claim with AFTRA claiming to be Mr. Prater's wife. Rosemary Prater submitted a card with the alleged signature of Mr. Prater designating her as his beneficiary under the plans. She claimed that AFTRA advised her that upon receipt of a death certificate, it would issue her the life insurance benefits of $20,000, and an additional $12,000, as an accidental death benefit. (R. Prater Compl. ¶¶ 4–5.) Rosemary Prater submitted the death certificate to AFTRA on May 25, 1990, and AFTRA acknowledged its receipt, but refused to pay any benefits to her. (R. Prater Compl. ¶ 6.)

On August 9, 1996, Rosemary Prater filed a complaint and jury demand against AFTRA in New Jersey Superior Court alleging that AFTRA had wrongfully refused to pay benefits to her. A month later, AFTRA removed the case to this Court because the employee benefit plans at issue are ERISA plans, giving the Court jurisdiction under 29 U.S.C. § 1132(e). By letter of April 2, 1997, the present interpleader defendant Dave Prater, Jr., a son of the decedent, asserted that the enrollment card which designated Rosemary Prater as the AFTRA beneficiary was forged and demanded that AFTRA investigate the matter. (AFTRA Compl. ¶ 10.) He, along with others, has filed a separate suit in the Northern District of Georgia alleging that he is the rightful beneficiary of the AFTRA plans. *Moore v. AFTRA,* 93 Civ. 2358–CC (N.D.Ga.).

On June 19, 1997, AFTRA filed an Interpleader Complaint against Rosemary Prater, Judith Prater,[1] and Dave Prater, Jr. AFTRA asserted that the beneficiary of the decedent's AFTRA plans, regardless of identity, is not entitled to receive any benefits because the decedent had not met the eligibility criteria for such. (AFTRA Compl. ¶ 13.) AFTRA also argued that none of the interpleader defendants has exhausted AFTRA's internal administrative review procedures, a jurisdictional prerequisite to maintaining a judicial action for benefits under ERISA. (Id.) Nonetheless, AFTRA has asked this Court to determine the decedent's beneficiary and order that person to exhaust all of AFTRA's internal administrative proceedings before bringing a claim to this Court. (Id.)

All of the interpleader defendants answered the Interpleader Complaint. In her Answer, Rosemary Prater admitted that "the enrollment card was signed by someone other than the decedent." (R. Prater Answer ¶ 4.) She claimed, however, that the signature was not a forgery because the "execution of [Dave Prater's] signature on that card was authorized by him." (Id. at 3.) In his Counterclaim and the Amendment to it, Dave Prater, Jr. declared that he is the natural son of the decedent and that Judith Prater had assigned to him all her rights and benefits under the AFTRA plans. (D. Prater Counterclaim ¶ 1; D. Prater Amendment ¶ 4.) He also claims that Judith Prater was his father's legal wife at the time of his death, and

---

1. Judith Prater was Dave Prater's first wife.

that Rosemary Prater had never been legally married to him. (D. Prater Amendment ¶¶ 5–8). In her Answer, Judith Prater admitted that she has assigned any proceeds receivable from the AFTRA plans to her step-son, Dave Prater, Jr. (J. Prater Answer ¶ 12.) She states that she was legally married to the decedent on December 25, 1969, there was never a legal divorce between the decedent and her, and there could have been no subsequent legal marriage between the decedent and Rosemary Prater. (J. Prater Counterclaim ¶¶ 1–3.) As proof of her marriage, Rosemary Prater submitted a certified copy of her Marriage License and Certificate of Marriage.

Sometime in 1997, AFTRA's former insurance carrier, Union Labor Life Insurance Co., paid the benefit proceeds here at issue to Rosemary Prater without AFTRA's knowledge or consent. (Stipulation at 1.) AFTRA and Rosemary Prater have entered into a Stipulation that those funds are to be held in a mutual fund account in which Rosemary Prater deposited them, preserved and not expended until they may be withdrawn without penalty as directed by the Court. (Stipulation at 2.)

Presently, Judith Prater and Dave Prater, Jr.'s motion for partial summary judgment and Rosemary Prater's motion for partial summary judgment are before the Court. Judith Prater and Dave Prater, Jr. seek a determination that (1) Judith Prater was the legal wife of the decedent at the time of his death; (2) Rosemary Prater was never legally married to the decedent; (3) Rosemary Prater is not the beneficiary of the decedent under the AFTRA plans; and (4) Judith Prater is the beneficiary of the decedent under the plans and the owner of all benefits already paid, or to be paid, under these plans. Rosemary Prater asks this Court to dismiss Judith Prater's and Dave Prater, Jr.'s claims to benefits from the AFTRA plans.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue of fact and that [it] is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. *See id.* at 248, 106 S.Ct. 2505. The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett,* 477 U.S. 317, 318, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *See Sound Ship Building Co. v. Bethlehem Steel Co.,* 533 F.2d 96, 99 (3d Cir. 1976), *cert. denied,* 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 137 (1976). At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505 (1986). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Wahl v. Rexnord, Inc.* 624 F.2d 1169, 1181 (3d Cir.1980).

### B. Whether Judith Prater Was the Legal Wife of the Decedent at the Time of His Death

Judith Prater asks this Court to rule that she was the legal wife of the decedent at the time of his death. She has submitted a certified copy of her marriage license and certificate of marriage from the state of Florida verifying that she was married to Dave Prater on December 25, 1969. In her affida-

vit, she has declared that there was never a final judgment of divorce entered dissolving the marriage between the decedent and her and that she was the decedent's legal wife at the time of his death. Rosemary Prater alleges that she was married to the decedent on November 21, 1982 by Father Charles of Our Lady of Perpetual Help in Paterson, New Jersey and that they had lived together from 1972 to the time of his death. (R. Prater Certification ¶¶ 2–3.)

Under New Jersey law, there is a strong presumption in favor of the validity of the latter of two successive marriages involving a common participant. *Dawson v. Hatfield Wire & Cable Co.*, 59 N.J. 190, 193–94, 280 A.2d 173, 174–75 (N.J.1971)(citing *Booker v. James Spence Iron Foundry, Inc.*, 80 N.J.Super. 68, 73, 192 A.2d 860, 862 (App. Div.1963)). The presumption is that the first marriage was terminated by death, divorce, or annulment before the contracting of the second marriage. *Booker*, 80 N.J.Super. at 73, 192 A.2d 860; *Metropolitan Life Ins. Co. v. Chase*, 189 F.Supp. 326, 332 (D.N.J., 1960). The burden is on the party challenging the validity of the second marriage to prove by clear and convincing evidence that the first marriage was not so terminated and that the parties were, at the time of marriage, free from disabilities against a lawful marriage. *Booker*, 80 N.J.Super. at 73, 192 A.2d 860; *Metropolitan Life Ins. Co.*, 189 F.Supp. At 332. "[T]he presumption of divorce terminating the prior marriage is not dissipated by the negative testimony of only one party to that marriage, unless there is also evidence that a search of the records of those jurisdictions where either of the parties may reasonably be deemed to have resided affirmatively shows no such divorce." *Booker*, 80 N.J.Super. at 74, 192 A.2d 860; see *Sparks v. Ross*, 72 N.J.Eq. 762, 766, 65 A. 977 (N.J.Ch.1907), *affirmed* 75 N.J.Eq. 550, 553, 73 A. 241, 242 (N.J.Err. & App.1909).

Judith Prater has established the existence of her marriage to the decedent by a certified copy of her Marriage License and Certificate of Marriage. However, she has not proved by clear and convincing evidence that it was not terminated by annulment or divorce. Her affidavit's assertion that a final judgment of divorce was never entered, without more, is not evidence to rebut the presumption that her marriage to the decedent had been terminated. Because Judith Prater has not provided clear and convincing evidence that her marriage to the decedent was not terminated by divorce, the Court presumes that Rosemary Prater was the legal wife of the decedent at the time of his death.

**C. Whether Rosemary Prater was legally married to the decedent**

As noted, there is a strong presumption that the second of two successive marriages is valid and that the first marriage was terminated. Rosemary Prater claims that she was the legal wife of Dave Prater at his death. Her rival, Judith Prater, has not rebutted that presumption. There is no evidence from which the issue of material fact arises. It therefore follows that the Court finds that Rosemary Prater was legally married to the decedent.

**D. Whether Rosemary Prater is the decedent's beneficiary under the AFTRA plans**

Rosemary Prater asserts that she completed the AFTRA enrollment form which designated her as the principal beneficiary with her husband's knowledge and consent. (R. Prater Certification ¶ 8.) Judith Prater claims that she is the beneficiary under the AFTRA plans because a plan participant's spouse is automatically designated as the beneficiary, and she was Dave Prater's legal wife at the time of his death. (Mem. in Supp. of J.G. Prater's and D. Prater's Mot. for Partial Summ. J. at 4–5.) Moreover, she argues that the AFTRA plans required approval of the plan participant's spouse before someone other than that spouse could be designated as the beneficiary under the plans. (Mem. in Supp. of J.G. Prater's and D. Prater's Mot. for Partial Summ. J. at 4–5.) Because Judith Prater did not consent to the designation of Rosemary Prater as the beneficiary, she argues that Rosemary Prater is not the beneficiary under the plans. (Mem. in Supp. of J.G. Prater's and D. Prater's Mot. for Partial Summ. J. at 4–5.)

The AFTRA plans and ERISA, 29 U.S.C. § 1055, state that if a plan participant has not designated a beneficiary, the spouse of

the participant will be considered the beneficiary. (AFTRA plan at 10; 29 U.S.C. § 1055(b)(1)(C)(i).) In order to designate or change a beneficiary, a married participant must provide the written, notarized approval of his or her spouse. (AFTRA plan at 10; 29 U.S.C. § 1055(c)(2).) If the spousal approval is not properly filed with AFTRA, then the participant's spouse is considered the beneficiary. (AFTRA plan at 10.)

The Court has already determined that Rosemary Prater was the decedent's legal spouse at the time of his death. In the absence of a designation of another beneficiary by Dave Prater, Rosemary Prater was the beneficiary of the AFTRA plans. Because Rosemary Prater was the putative beneficiary, the enrollment card designating her as beneficiary is of no legal consequence.

**E. Whether Judith Prater Is the Beneficiary of the Decedent under the Plans and the Owner of All Benefits Already Paid, or to be Paid, Under These Plans**

For the above reasons, Rosemary Prater is the beneficiary of the decedent under the plans and the owner of all benefits already paid, or to be paid, under the plans. The motion of interpleader defendants Judith Prater and Dave Prater, Jr. for partial summary judgment is denied with prejudice.

**F. Interpleader Defendant Rosemary Prater's Motion for Partial Summary Judgment to Dismiss Judith Prater and Dave Prater, Jr.'s Claims to Benefits Under the AFTRA Plans**

The Court has concluded that Rosemary Prater is the decedent's beneficiary to the AFTRA benefits. Dave Prater, Jr. claims that he is the sole legal owner of those benefits. He argues that Judith Prater assigned to him all of her rights to the benefits. Because the Court has found that Judith Prater is not entitled to any of those benefits, Dave Prater, Jr. has nothing from her assignment to him. Rosemary Prater's motion for partial summary judgment to dismiss Judith Prater's and Dave Prater, Jr.'s claims is granted.

## CONCLUSION

The Court denies Judith Prater's and Dave Prater, Jr.'s motion for partial summary judgment with prejudice and grants Rosemary Prater's motion for partial summary judgment.

SO ORDERED.

## ORDER

This matter comes before the Court on the motion of interpleader defendant Rosemary Prater for partial summary judgment to dismiss the claims of interpleader defendants Judith Prater and Dave Prater, Jr. and the motion of Judith Prater and Dave Prater, Jr. for partial summary judgment. Upon consideration of the submissions of the parties and for the reasons stated in the accompanying opinion, it is on October 8, 1998:

ORDERED that Judith Prater and Dave Prater, Jr.'s motion for partial summary judgment is denied with prejudice;

ORDERED that Rosemary Prater's motion for partial summary judgment is granted.